IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

AUG 3 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ALTON B. COUTHER, III,

    Petitioner,

v.                                          CRIMINAL ACTION NO. 2:12-cr-187

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION & ORDER*

Before the Court is Petitioner Alton B. Couther, III's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Pet'r's Instant Mot. Vacate, ECF No. 134 ("Pet'r's Mot."). The Court has conducted a preliminary review of the Motion and finds that Petitioner is not entitled to relief; it is therefore unnecessary for the Court to order the Government to respond or hold a hearing.[1] *See* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, [and] grant a prompt hearing thereon."). For the reasons set forth below, the Court finds that Petitioner's § 2255 Motion is untimely and, therefore, **DENIED**.

---

[1] *See also Rules Governing Section 2254 Cases in the United States District Courts and Section 2255 Proceedings for the United States District Courts*, Admin. Office of the U.S. Courts 10 (Dec. 1, 2019), https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_co urts_-_dec_1_2019.pdf. Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the district court, upon receipt of a § 2255 motion, to "promptly examine it," and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." The Court is only required to "order the United States attorney to file an answer, motion, or other response" if it does not dismiss the motion. Moreover, Rule 5(a) explicitly states that "[t]he respondent is not required to answer the motion unless a judge so orders." *See also United States v. Oliver*, 865 F.2d 600, 604 (4th Cir. 1989) ("A dismissal under Rule 4(b) does not require notice to the appellant and an opportunity to respond to the allegations forming the basis of the dismissal."); *United States v. Salazar-Acuna*, 109 F. App'x 626, 627 (4th Cir. 2004) ("Rule 4(b) of the Rules Governing Section 2255 Proceedings authorizes summary dismissal of claims without a response from the Government only if it plainly appears from the face of the motion, exhibits, and prior proceedings that the movant is not entitled to relief. Otherwise, the district court shall order the Government to file a response or take other appropriate action.").

## I. PROCEDURAL HISTORY

On December 5, 2012, Petitioner was named in a three-count Indictment. Indictment, ECF No. 1. On March 13, 2013, Petitioner pled guilty to Counts Two and Three of the Indictment pursuant to a plea agreement. Guilty Plea Felony Indictment Mins., ECF No. 15. Specifically, Petitioner pled guilty to one count of Carrying a Firearm During and In Relation to, and Possessing a Firearm in Furtherance of, a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), and one count of Possessing of a Firearm and Ammunition as a Convicted Felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count Three). Plea Agreement, ECF No. 16. On June 13, 2013, the Court sentenced Petitioner to a total of one-hundred-eighty (180) months' imprisonment, consisting of sixty (60) months on Count Two and one-hundred-twenty (120) months on Count Three, to be served consecutively, followed by a total of five (5) years of supervised release. Sent'g Mins., ECF No. 26; J., ECF No. 29. The Court entered the judgment on June 14, 2013. *See* J. On July 3, 2013, the Court entered an amended judgment, including the amount of restitution owed. Am. J., ECF No. 32.

The procedural history of Petitioner's case post-conviction is lengthy and somewhat complicated, but relevant to the Court's jurisdiction to consider and the timeliness of the instant Motion. On July 24, 2014, Petitioner filed a Letter Motion for Extension of Time to File a § 2255 Petition. Pet'r's Letter Mot. Extension Time File § 2255 Pet., ECF No. 33. On July 30, 2014, the Court denied Petitioner's Letter Motion, finding that he did not request an extension of time until two weeks after the time to file had expired and did not offer any meritorious reason to justify the untimeliness of his request. Order Deny'g Letter Mot. Extension Time File § 2255 Pet., ECF No. 34. Nonetheless, on August 11, 2014, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. Pet'r's First Mot. Vacate, ECF No. 35. On January 2, 2015, Petitioner filed a Motion to

Withdraw his Motion to Vacate. Pet'r's Mot. Withdraw First Mot. Vacate, ECF No. 37. On January 9, 2015, the Court granted Petitioner's Motion to Withdraw. Order Grant'g Pet'r's Mot. Withdraw First Mot. Vacate, ECF No. 40.

Three days after Petitioner filed the Motion to Withdraw, on January 5, 2015, he filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Pet'r's First Mot. Correct Sentence 18 U.S.C. § 3582(c)(2), ECF No. 39. Within that Motion, Petitioner included a claim challenging the voluntariness of his guilty plea. *Id.* Accordingly, on August 28, 2015, the Court provided Petitioner with notice of its intent to recharacterize his petition as a motion under 28 U.S.C. § 2255 and the opportunity to agree or disagree with the Court's recharacterization within 40 days of the date of the Order, during which time the Court would hold Petitioner's Motion in abeyance and decline to rule on the merits. Recharacter. Order, ECF No. 55.

On September 11, 2015, Petitioner responded to the Court's Recharacterization Order and indicated that he would like his Motion to proceed under § 3582. Pet'r's Letter Response to Recharacter. Order, ECF No. 56. On October 6, 2015, Petitioner then filed a "Motion Letter" indicating his agreement with the Court's recharacterization of his Motion in light of the Court's decision to hold his § 3582 Motion in abeyance. Pet'r's Second Letter Response to Recharacter. Order, ECF No. 57. On October 23, 2015, the Court granted Petitioner's Motion under § 3582(c)(2) and reduced his sentence from 120 months to 84 months on Count Three. Order Grant'g Pet'r's First Mot. Correct Sentence 18 U.S.C. § 3582(c)(2), ECF No. 59. Petitioner's total sentence was therefore reduced to 144 months, or 12 years. On October 26, 2015, three days after the Court ruled, Petitioner filed a letter stating that he objected to the recharacterization of his Motion and wished for the Court to rule on the merits of his claim under § 3582(c)(2). Pet'r's Third Response to Recharacter. Order, ECF No. 61.

Between November 2015 and April 2021, Petitioner filed several motions, all of which the Court denied and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed or affirmed, if appealed, that are not relevant to the instant Motion. *See* Pet'r's Second Mot. Correct Sentence 18 U.S.C. § 3582(c)(2), ECF No. 62; Order Deny'g Pet'r's Second Mot. Correct Sentence 18 U.S.C. § 3582(c)(2), ECF No. 63; Notice Appeal, ECF No. 66; 4th Cir. Order Dismiss'g Appeal, ECF No. 69; Pet'r's Mot. Reconsid. Order Grant'g Pet'r's First Mot. Correct Sentence 18 U.S.C. § 3582(c)(2), ECF No. 71; Order Deny'g Pet'r's Mot. Reconsid. Order Grant'g Pet'r's First Mot. Correct Sentence 18 U.S.C. § 3582(c)(2), ECF No. 72; Second Notice Appeal, ECF No. 73; 4th Cir. Op. Affirm'g Order Deny'g Pet'r's Mot. Reconsid., ECF No. 77; Pet'r's Mot. Adjust Sentence 18 U.S.C. § 3582(c)(1)(B), ECF No. 80; Order Deny'g Pet'r's Mot. Adjust Sentence 18 U.S.C. § 3582(c)(1)(B), ECF No. 92; Third Notice Appeal, ECF No. 93; 4th Cir. Op. Affirm'g Order Deny'g Pet'r's Mot. Adjust Sentence 18 U.S.C. § 3582(c)(1)(B), ECF No. 96; Pet'r's Letter Mot. Compassion. Rel., ECF No. 99; Order Deny'g Pet'r's Letter Mot. Compassion. Rel., ECF No. 111; Fourth Notice Appeal, ECF No. 112; 4th Cir. Op. Affirm'g Order Deny'g Pet'r's Letter Mot. Compassion. Rel., ECF No. 120.

On April 30, 2021, Petitioner filed a Petition of Audita Querela Pursuant to 21 U.S.C. § 1651(a), the "All Writs Act." Pet'r's Pet. All Writs Act, ECF No. 115 ("All Writs Pet."). On May 12, 2021, the Court issued an Order in which it recharacterized Defendant's motion for relief as a request for relief under 28 U.S.C. § 2255 without notice to Petitioner and denied the Motion as untimely. Order Recharacter'g & Deny'g Pet'r's Pet. All Writs Act, ECF No. 116. On May 21, 2021, Petitioner filed a notice of appeal. Fifth Notice Appeal, ECF No. 117. On July 26, 2021, Petitioner filed a Motion to Vacate his Sentence under 28 U.S.C. § 2255. Pet'r's Second Mot. Vacate, ECF No. 123. On August 4, 2021, the Court dismissed Petitioner's Motion as a

successive § 2255 Motion that Petitioner filed without authorization from the Fourth Circuit. Order Dismiss'g Pet'r's Second Mot. Vacate, ECF No. 124.²

On August 27, 2021, the Fourth Circuit vacated and remanded the Court's denial of Petitioner's recharacterized § 2255 Motion because the Court did not provide Petitioner with notice of its intent to recharacterize in accordance with *Castro v. United States*, 540 U.S. 375 (2003). 4th Cir. Op. Vacat'g & Remand'g Order Recharacter'g & Deny'g Pet'r's Pet. All Writs Act, ECF No. 127 ("4th Cir. Vacat'g Op."). Accordingly, on October 28, 2021, the Court issued a Remand Order notifying Petitioner of its intent to recharacterize his All Writs Act Petition as a motion for habeas relief under 28 U.S.C. § 2255. Remand Order, ECF No. 131. On November 18, 2021, Petitioner filed a letter indicating his agreement with the Court's recharacterization. Pet'r's Letter Response to Remand Order, ECF No. 132. Since Petitioner did not file the appropriate § 2255 form with his response, on March 16, 2022, the Court provided him with an opportunity to submit an amended request for relief on the appropriate form. Order Provid'g Opp., ECF No. 133. On April 4, 2022, Petitioner filed the instant Motion on the appropriate form. Pet'r's Mot. After conducting a preliminary review of the Motion, the Court finds that Petitioner is not entitled to relief and, therefore, did not order the Government to respond.³

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28

---

² On August 24, 2021, Petitioner filed a Motion for Reconsideration of the Court's Order dismissing Petitioner's § 2255 Motion as successive. Pet'r's Mot. Reconsid. Order Dismiss'g Pet'r's Mot. Vacate, ECF No. 124. In light of the Fourth Circuit's opinion vacating and remanding the Court's recharacterization and denial of Petitioner's All Writs Act Petition, the Court found Petitioner's Motion for Reconsideration as moot on September 17, 2021. Order Find'g Moot Pet'r's Mot. Reconsid. Order Dismiss'g Pet'r's Mot. Vacate, ECF No. 129.
³ *See supra* note 1.

5

U.S.C. § 2255 (2008) (West). In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, pro se filers are entitled to a more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Pursuant to § 2255(e), "[a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Most critically, a petitioner has a one-year period of limitation to file a petition for collateral relief. *Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014). The limitations period is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2255(f)(1)-(4).

When deciding a § 2255 motion, the Court must promptly notify the Government to respond and grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b). Motions under §

6

2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492-93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III.   DISCUSSION

The unique procedural history of Petitioner's post-conviction proceedings presents two questions: (1) whether the instant § 2255 Motion is "second or successive"; and (2) if not, and the Court therefore has jurisdiction to consider it, whether the instant Motion is untimely.

### A. Whether Petitioner's Motion is Second or Successive

First, the "gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b), governs federal habeas proceedings" and "sets stringent limits on second or successive habeas applications." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). "The phrase 'second or successive application,' on which all this rides, is a 'term of art,' which 'is not self-defining.'" *Id.* at 1705 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486

(2000); *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)). The Supreme Court has "often made clear," however, "that it does not simply refer to all habeas filings made second or successively in time following an initial application." *Id.* (cleaned up). Rather, "[i]n addressing what qualifies as second or successive, [the Supreme] Court has looked for guidance in two main places": (1) "historical habeas doctrine and practice"; and (2) "AEDPA's own purposes." *Id.* at 1705-06. The historical inquiry focuses on "whether a type of later-in-time filing would have 'constituted an abuse of the writ, as that concept is explained in our [pre-AEDPA] cases.'" *Id.* at 1706 (quoting *Panetti*, 551 U.S. at 947). The statutory inquiry, on the other hand, looks to AEDPA's purpose of "prevent[ing] serial challenges to a judgment of conviction, in the interest of reducing delay, conserving judicial resources, and promoting finality." *Id.* at 1707.

The abuse of writ doctrine that preceded AEDPA "was more forgiving" than the statute's gatekeeping provision. *Banister*, 140 S. Ct. at 1707. Yet, while AEDPA "made the limits on entertaining second or successive habeas applications more stringent than before . . . the statute did not redefine what qualifies as a successive petition." *Id.* Historically, the abuse of writ doctrine did not consider a motion to be successive if the reviewing court had not addressed the claims within that motion on the merits. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed . . . is not a second or successive petition."); *Sanders v. United States*, 373 U.S. 1, 16 (1963) (finding a district court's determination "was not on the merits" when it "rul[ed] that petitioner's [§ 2255] pleading was deficient"); *see also United States v. Sosa*, 364 F.3d 507, 510 (4th Cir. 2004) ("Because the district court dismissed Sosa's first § 2255 motion without prejudice and without adjudicating the merits, the second § 2255 motion was not a 'second or successive' motion within the meaning of the eighth paragraph of §

2255."). AEDPA's language is consistent with this understanding. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application . . . if it appears that *the legality of such detention has been determined* . . . on a prior application." (emphasis added)).

Here, Petitioner's post-conviction procedural history indicates that he has not filed a § 2255 motion that the Court has resolved on the merits. First, Petitioner filed a § 2255 motion on August 11, 2014, but subsequently filed a motion to withdraw that motion. *See* Pet'r's First Mot. Vacate; Pet'r's Mot. Withdraw First Mot. Vacate. The Court granted Petitioner's motion to withdraw without addressing the merits of the motion. *See* Order Grant'g Pet'r's Mot. Withdraw First Mot. Vacate. Second, Petitioner filed a § 3582(c)(2) motion that included an argument properly brought in a § 2255 motion and, accordingly, the Court notified him of its intent to recharacterize the motion as such. *See* Pet'r's First. Mot. Correct Sentence 18 U.S.C. § 3582(c)(2); Recharacter. Order. Petitioner initially indicated he wished to proceed under § 3582(c)(2), thus disagreeing with the Court's recharacterization, and subsequently indicated his agreement with the Court's recharacterization. *See* Pet'r's Letter Response to Recharacter. Order; Pet'r's Second Letter Response to Recharacter. Letter. Relying on Petitioner's initial response, however, the Court evaluated his motion under § 3582(c)(2) only and did not address the merits of the claim that Petitioner should have brought in a § 2255 motion. *See* Order Grant'g Pet'r's First. Mot. Correct Sentence 18 U.S.C. § 3582(c)(2).

Indeed, the Fourth Circuit vacated the only ruling under § 2255 that this Court had made on the merits, finding Petitioner's motion to be untimely[4], because the Court did not properly

---

[4] Courts have widely found § 2255 motions denied as untimely to be rulings on the merits. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of ... [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-

9

notify Petitioner of its intent to recharacterize his motion. *See* Order Recharacter'g & Deny'g Pet'r's Pet. All Writs Act; 4th Cir. Vacat'g Op. The Court then relied on its previous Order before the Fourth Circuit vacated it. *See* Order Dismiss'g Pet'r's Second Mot. Vacate. Therefore, the Court's previous dismissal of Petitioner's § 2255 motion as successive cannot be held against him. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950) ("[Vacatur] clears the path for future relitigation of the issues between the parties and el[i]minates a judgment . . . When that procedure is followed, the rights of all parties are preserved; none is prejudiced."). In other words, the Court evaluates its jurisdiction to consider Petitioner's instant Motion as if he had not filed the two motions preceding it.

Turning to the purpose of AEDPA, the Court finds that considering Petitioner's instant Motion as successive does not "prevent serial challenges" to Petitioner's judgment of conviction. *Banister*, 140 S. Ct. at 1707. Rather, the Court finds that doing so would further encourage them. As is evident from Petitioner's post-conviction procedural history, he has already lodged numerous challenges to his judgment of conviction over the last decade.[5] Thus, considering Petitioner's Motion on the merits, "rather than allowing repeated attacks on a decision, helps produce a single final judgment for appeal." *Banister*, 140 S. Ct. at 1708. In other words, the Court's jurisdiction over this Motion and ability to resolve it on the merits will reduce delay, conserve judicial resources, and promote finality. *Id.* at 1707. The Court considers AEDPA's purpose and interests in Petitioner's case especially because, otherwise, he "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005); *see also Panetti*, 551 U.S. at 945-45.

---

barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *United States v. Patel*, No. 5:11cr31, 2021 WL 5889983, at *4 (W.D. Va. Dec. 13, 2021) ("[I]t is well-established that dismissal of a claim as untimely filed under the applicable statute of limitations is a disposition on the merits.").

[5] *See* procedural history *supra* Section I.

10

For all of the aforementioned reasons, the Court finds that Petitioner's instant § 2255 Motion is not "second or successive" and, therefore, the Court has jurisdiction to consider it.

### B. Whether Petitioner's Motion is Untimely

Although the Court has jurisdiction over the instant Motion, the Court nonetheless finds Petitioner's Motion to be untimely and that it is not saved by equitable tolling. *See Sosa*, 364 F.3d at 507 ("[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." (internal quotations omitted)). Here, the Court sentenced Petitioner on June 13, 2013, entered judgment on June 14, 2013, and entered an amended judgment on July 3, 2013. J., ECF No. 29; Am. J., ECF No. 32. Petitioner had fourteen days thereafter to file a direct appeal, but did not appeal his sentence to the Fourth Circuit. *See* Fed. R. App. Proc. 4(b)(1)(A). His sentence therefore became final, at the latest, on July 17, 2013, and he had until July 17, 2014, to file a § 2255 motion. *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). In light of the unique procedural history of his case, the earliest date the Court could consider as when Petitioner filed the instant Motion is April 30, 2021.[6] *See* All Writs Pet. Petitioner's Motion is thus untimely unless saved by equitable tolling.

In his Motion, Petitioner asserts an actual innocence claim. Pet'r's Mot. at 5. The Supreme Court recognizes a limited "actual innocence" exception to certain procedural bars to habeas review. The exception applies "in an extraordinary case, where a constitutional violation

---

[6] This logic aims to prevent any time-bar prejudice Petitioner might otherwise suffer on account of the Court's procedural error in failing to provide him with notice of its intent to recharacterize his petition. The Court recognizes, however, that this effort is futile here as Petitioner filed the instant Motion *at least* six years late.

11

has probably resulted in the conviction of one who is actually innocent" and allows the court to "grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Although "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations . . . tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Indeed, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

A petitioner may bring an actual innocence claim as either a *Schlup* procedural gateway claim or a freestanding claim. A petitioner's *Schlup* claim "is a procedural mechanism rather than a substantive claim," meaning a district court must find that a petitioner has met the *Schlup* standard before it reviews the merits of a petitioner's procedurally defaulted claims. *Teleguz v. Pearson*, 689 F.3d 322, 327-28 (4th Cir. 2012). The Supreme Court has not yet articulated the standard under which to evaluate a habeas petitioner's freestanding actual innocence claim, but it has indicated that "the threshold for any hypothetical freestanding innocence claim [i]s 'extraordinarily high.'" *House v. Bell*, 547 U.S. 518, 555 (2006) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). Therefore, a petitioner who brings a freestanding actual innocence claim faces a significantly higher burden than one who relies on the *Schlup* actual innocence standard for gateway procedural relief, which is "a less-stringent—though nevertheless rigorous—burden." *Wolfe v. Johnson*, 565 F.3d 140, 164 (4th Cir. 2009).

At face value, Petitioner appears to bring a freestanding actual innocence claim because it is the only ground he lists as entitling him to relief. Pet'r's Mot. at 5. His memorandum of law,

however, offers other substantive claims challenging the validity of his convictions. *Id.* at 15-18. Even holding Petitioner to the less-stringent standard, Petitioner's claim fails because he does not offer any new evidence whatsoever. *Schlup*, 513 U.S. at 324 ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). Rather, Petitioner relies on information that was available to him at the time he was sentenced. *See* 28 U.S.C. § 2255(f)(4). He claims that he "never understood the nature of the elements of the crime he pled guilty to[] because he was misinformed." Pet'r's Mot. at 5. He further argues that "[t]he indictment charged 924(c) offense was invalid because the alleged aggravated felony offense pursuant to 21 U.S.C. 841(a)(1)(b)(1)(D) was never validated with any specified amount or quantity of drugs below 50 kilograms of marijuana." *Id.* at 15. Indeed, Petitioner repeats many of the same arguments he has previously presented in the many post-conviction motions for relief he has brought before the Court, but that the Court has been unable to consider on the merits.[7] *See Oliver*, 865 F.2d at 604-05 (considering that a district judge was "intimately acquainted with the prior convictions and the prior motions" of petitioner in finding him justified in dismissing a § 2255 motion).

Petitioner's failure to offer any new evidence in support of his actual innocence claim renders his Motion untimely whether he intends to advance it as a *Schlup* claim for gateway procedural relief or as a freestanding claim. *See McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" (quoting *Schlup*, 513 U.S. at 329)). Moreover, Petitioner fails to

---

[7] *See* procedural history *supra* Section I.

establish any other ground that warrants equitable tolling. *See Sosa*, 364 F.3d 507. Accordingly, the Court finds Petitioner's Motion to be untimely and not saved by equitable tolling.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. Proc. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 2, 2022

/s/ Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE